Requestor: James C. Tomasi, Esq., County Attorney Washington County 70 Main Street Salem, New York 12865
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to whether the offices of sheriff and district attorney's investigator are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The office of sheriff is established by the State Constitution. N Y Const, Art XIII, § 13(1). In addition to establishing the duties of the office, section 13 provides that "[s]heriffs shall hold no other office". In People ex rel. v Nostrand, 46 N.Y. 375, 381 (1871), the Court of Appeals held that a sheriff could not simultaneously serve in the office of county highway commissioner. Likewise, on the basis of section 13(a) (then Art 9, § 5), we said that a sheriff may not serve as a notary public. 1959 Op Atty Gen 88. In a 1982 opinion we concluded that a sheriff could not also serve as a city police chief. 1982 Op Atty Gen (Inf) 172.
Investigators employed by district attorneys are classified as police officers under the Criminal Procedure Law. CPL §1.20(34)(g); People v Neuschatz, 88 Misc.2d 433 (App Term 2d Dept 1975), affd, 40 N.Y.2d 935 (1976). As a police officer, the investigator serves in a public office, and accordingly may not also serve as sheriff. Sullivan v Whitney, 25 N.Y.S.2d 762, 767 (Sup Ct Westchester Co 1941); 1982 Op Atty Gen (Inf) 172.
We conclude that a county sheriff may not serve as an investigator for a district attorney's office.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.